U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St , NW*
*Washington, D C  20530*

November 13, 2007

**FILED**

**NOV 1 5 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Gary M. Sidell, Esq.
1776 K Street NW
Suite 800
Washington, DC 20006

Re: <u>United States v. Timothy T. Stewart</u>: 07-281 (RMU)

Dear Counsel:

      This letter confirms the agreement between your client, Timothy T. Stewart and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the plea agreement.  This offer will expire at the beginning of the hearing in this case scheduled for November 15, 2007 at 3:00 p.m.  The terms of the offer are as follows:

<u>Timothy T. Stewart's Obligations, Acknowledgments and Waivers</u>:

      1.  Your client, Timothy T. Stewart, agrees to plead guilty to Count Four of the Indictment, charging Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A)(iii).  Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for 180.2 grams of cocaine base, also known as crack cocaine, which quantity represents the total amount involved in your client's relevant criminal conduct.  Your client understands that pursuant to 21 U.S.C. Section 841(b)(1)(A)(iii), the charge carries a penalty of not less than ten years, and not more than life imprisonment, a fine of $4,000,000 and a term of supervised release of not less than five years.  In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.  Your client also understands that pursuant to 18 U.S.C. Section 3571 and  Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.  Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of

the Sentencing Guidelines.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for 180.2 grams of cocaine base, also known as crack cocaine. Your client also agrees and will acknowledge participation in the drug trafficking activities indicated in the proffer of facts as attached to this document.

3. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

4. Your client agrees that the Government will recommend that your client be detained pending sentencing in this case.

5. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

6. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

<u>The Government's Obligations, Acknowledgments And Waivers:</u>

7. The Government agrees that it will recommend a sentence not to exceed the ten year mandatory minimum sentence required by 21 U.S.C. Section 841(b)(1)(A)(iii). If it is determined that your client is eligible for the "safety valve" provision delineated in §5C1.2 of the Sentencing Guidelines, the Government will not oppose a sentence at the low end of your client's applicable guideline range. The Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section

3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8. The Government agrees that it will dismiss in its entirety, case number 2007-CF2-9909, now pending against your client in the Superior Court of the District of Columbia. Your client agrees that at the plea hearing in this case, he will offer an "insulating statement" regarding the events giving rise to the charges in that case.

9. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

10. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. However, this condition does not preclude your client from allocuting for a sentence in light of the decisions in United States v. Booker and United States v. Pickett, although the Government retains the right to oppose any such sentence. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

11. The Government agrees to dismiss at sentencing, the remaining counts pending against your client in this case. The Government will also dismiss District of Columbia Superior case 2007-CF2-9909 in its entirety.

General Conditions:

12. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

13. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

14. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

JEFFERY A. TAYLOR
United States Attorney
D.C. Bar No.: 498-610

EDWARD A. O'CONNELL
Assistant United States Attorney
D.C. Bar No.: 460-233
Organized Crime and Narcotics Trafficking Section
555 Fourth Street NW, Room 4122
Washington, DC 20530
(202) 514-6997

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Gary M. Sidell, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 11-17-07

*Timothy Stewart*
TIMOTHY T. STEWART
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, Timothy T. Stewart, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 11-15-07

GARY M. SIDELL
Attorney for Defendant Timothy T. Stewart