UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | 07-281(RMU) |
| | : | SENTENCE: February 28, 2008, |
| TIMOTHY T. STEWART | : | Thursday @ 1:30 p.m. |

DEFENDANT'S MEMORANDUM IN SUPPORT OF SENTENCE

Pursuant to the provisions of F. R. Cr. P. 49 and L. Cr. R. 49.1, and this Honorable Court's Scheduling Order, defendant Timothy T. Stewart, by his attorney, Gary M. Sidell, hereby submits his memorandum in support of sentence.  Mr. Stewart is currently scheduled to be sentenced on Thursday, February 28, 2008, at 1:30 p.m., approximately two (2) weeks before his 25th birthday.   At his sentencing, Mr. Stewart expects to request that this Honorable Court impose, as its sentence, a term of  120 months, the mandatory minimum sentence required by 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  Moreover, Mr. Stewart expects to request that no fine be imposed in light of his indigency and that no payment of restitution be assessed since there was no individual loss.   Furthermore, Mr. Stewart anticipates requesting a recommendation for his participation in a drug treatment program while in custody given his relatively long term controlled substance usage. 18 U.S.C. § 3621(e)(2).   This memorandum provides Mr. Stewart's bases for these requests.

1. On November 15, 2007, Mr. Stewart entered a guilty plea to a single count (count 4 of indictment) of distribution of fifty (50) grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), as contained in a four (4) count indictment. That indictment was returned on October 18, 2007. The date of the events underlying this plea was September 19, 2007, the date on which Mr. Stewart was arrested in this matter.

2. Mr. Stewart's plea agreement with the United States Attorney limits the latter's request to ". . . a sentence ***not to exceed the ten (10) year mandatory minimum*** sentence required by 21 U.S.C. 841(b)(1(A)(iii)." (Emphasis added)  See, Plea Agreement, Document 12 @ ¶ 7, page 2. While the agreement in this case did not involve a F.Cr. R. P. 11(c)(1)(C) plea, no party to this case will be seeking a sentence greater than the mandatory minimum prison sentence, even though Mr. Stewart's maximum statutory exposure is a life sentence plus an exceptionally large fine. 21 U.S.C. § 841(b)1)(A).

3. Since Mr. Stewart's September 18, 2007 arrest, he has remained in custody at the Correctional Treatment Facility ("CTF"), a period of nearly five (5) months to date. This period of custody is far longer than Mr. Stewart has been in custody previously due to his sole prior criminal conviction for possession of marijuana (April 21, 2004, sentence of 60 days jail term imposed in Superior Court case 2003 FEL 006704). It is fair to say that Mr. Stewart is having a difficult time with his custodial setting already, notwithstanding this very early point in time of his entire sentence.

4. Currently, Mr. Stewart's father, Timothy Wiggins, who was minimally involved in his life, is incarcerated for receiving stolen property. Mr. Stewart's mother, Shantrele Stewart, has been involved with drugs throughout Mr. Stewart's young life and provided him with

minimal parental guidance. Indeed, the informant working with law enforcement in this very case was introduced to Mr. Stewart by his mother.

    4.    Mr. Stewart has only completed the 11th grade. As a result, educational assistance while serving his sentence will provide a significant benefit to Mr. Stewart upon his release. Mr. Stewart should be capable of earning his GED while in custody in order to provide him with a substantial basis on which to further his potential to obtain living wage employment upon his release. Mr. Stewart has had minimal formal employment prior to his custodial status and none of that employment involved any specialized training for his future employment, e.g., grass cutting, painting.

    5.    Mr. Stewart has a single prior conviction, as noted above, for possession of marijuana from late 2003. A 60 day jail sentence was imposed in that case on April 21, 2004. As a consequence, Mr. Stewart has earned two (2) criminal history points because of the 60 day jail sentence imposed. The result of those two (2) criminal history points prevents Mr. Stewart from being otherwise eligible for avoiding the mandatory minimum statutory prison sentence of ten (10) years in this case. 18 U.S.C. 3553(f)(1)("safety valve" exception). Hence, if the onerous consequences of criminal misconduct were not clear to Mr. Stewart after his sole prior conviction, it is crystal clear to him now that he is facing a ten (10) year mandatory minimum prison sentence, particularly due to his exposure in the past five (5) months, a tiny fraction of his remaining sentence.

    6.    Imposition of a criminal sentence must consider a variety of factors, as detailed in 18 U.S.C. §3553, in order to fulfill the following four (4) traditional objectives:

        (A)   imposition of just punishment for committing the offense;

        (B)   provision of deterrence to criminal conduct;

        (C)   protection of the public from further crimes by the defendant; and

        (D)   provision of needed educational or vocational training, medical care or other corrective treatment to the defendant. 18 U.S.C. §3553(a) (2).

7.    In achieving the four (4) objectives listed above, various considerations of both the nature and circumstances of the offenses involved, as well as the characteristics of the defendant, must be evaluated. In this case, Mr. Stewart submits that the sole issue is whether a mandatory minimum sentence of ten (10) years in prison is adequate punishment for a crime that he committed recently. Indeed, Mr. Stewart submits that the lengthy mandatory minimum ten (10) year prison term will either satisfy completely, or provide him the opportunity, to fully address the four (4) sentencing factors noted above.

8.    Mr. Stewart submits that the first three objectives, as identified above, may be satisfied simultaneously, as a result of the mandatory minimum sentence to be imposed in this case. For Mr. Stewart, a sentence of ten (10) years in prison will seem almost as if it were a life sentence. A ten (10) year sentence equates to forty (40%) of Mr. Stewart's entire life to date. For a 25 year old, with the associated lack of patience for that age, ten (10) years in a prison cell will seem like a far, far longer time. Hence, Mr. Stewart submits the minimum term of ten (10) years will provide an exceptionally long term of "punishment" while simultaneously providing both protection of the public and deterrence of prospective crime. Indeed, Mr. Stewart already has recognized the significantly enhanced consequences of his conduct in this case, compared with that for his 2003 case and compounding that consideration will be Mr. Stewart's increased appreciation of the consequences of his conduct over the next decade he will spend off the street.

9.    The fourth sentencing factor noted above will provide the opportunity for Mr. Stewart to obtain not only his GED, but also to participate in, and presumably complete

successfully, a drug rehabilitation program. The former will allow Mr. Stewart to enhance his educational foundation in order to add potential vocational training so that he may earn a living wage upon his release from prison. While he has completed the 11th grade already, Mr. Stewart should have no difficulty in mastering those additional concepts necessary to obtain his GED. From there, he will be positioned to progress to further vocational studies which should dwarf grass cutting and painting as ways to provide a productive and lawful, livelihood. Similarly, successful completion of a drug rehabilitation program will not only educate Mr. Stewart to the serious pitfalls of continued drug use, but also provide him with the tangible potential benefit of a partial sentence reduction, 18 U.S.C. § 3621(b)(2)(B). As a result, if Mr. Stewart is interested in reducing his prison term, he will need to participate in, and successfully complete, a drug program. Such participation can only serve to minimize any otherwise possible recidivist tendencies which will redound to both Mr. Stewart's personal benefit as well as the community as a whole.

  10. By virtue of Mr. Stewart's plea, the parties have not only narrowed the potential range of any prison sentence to the mandatory minimum ten (10) year term, they have also limited Mr. Stewart's exposure to a level within, albeit at the upper end of, the otherwise applicable USSG range of 97-121 months (offense level 29, criminal history II). Hence, Mr. Stewart submits that since sentences within Guideline ranges are presumptively reasonable, post Booker, 543 U.S. 220 (2005), Rita v. United States, No. 06-5754, 2007 WL 1772146 (June 21, 2007), the mandatory ten (10) year term required here by statute is similarly a reasonable, although significant, term for this case, under the circumstances of not only the prosecution's case, but by consideration of the characteristics of Mr. Stewart as well. 18 U.S.C. § 3553(a)(1). As a result, Mr. Stewart urges this Honorable Court to impose the mandatory minimum term of

ten (10) years, but only that term, as the punishment to be paid for his recent misconduct. Mr. Stewart is acutely aware that, after completion of his prison term, he will need to start his life over in an environment which will, in all likelihood, be a vastly different one from that with which he was familiar. He will need to find some kind of job at age 35, having had no recent, let alone substantive, job experience, and to re-establish a connection with his siblings and locate a place to live. We submit that these are daunting challenges for someone who has so little adult experience to date and will not acquire much more in the next decade. Those are further factors which, he submits, weigh additionally on the "punishment" side of the scale.

11.     Based on the foregoing, in addition to any further information provided at the February 28, 2008, sentencing hearing, Mr. Stewart urges this Honorable Court to impose as a sentence here the mandatory minimum prison term of ten (10) years, and to waive imposition of any financial fine due to his indigency. Moreover, he urges that no restitution be ordered since there was no identifiable victim, see, PSR @ paragraph 13, in addition to consideration of his financial condition. He further submits that drug testing, treatment and counseling are valuable based on his prior substance abuse and alcohol consumption, see PSR @ paragraphs 47-50, and, therefore, requests a recommendation for participation in such a treatment program. Furthermore, Mr. Stewart urges that this Honorable Court recommend to the Bureau of Prisons that a prison location close to the Washington, D.C. metropolitan area be selected in order to permit potential family visitation, so that there may be some level of continuity in his ultimate transition back to his community, if family members plan to visit. 18 U.S.C. § 3621(b)(4)(A),(B).

                                    Respectfully submitted,

_____\s_____
Gary M. Sidell
1776 K Street, NW
Suite 800
Washington, D.C. 20006
D.C. Bar No. 961847
202-783-0060
Email: suitcase@erols.com
Attorney for Timothy T. Stewart

CERTIFICATE OF SERVICE

I hereby certify that I have caused this pleading to be filed electronically by ECF to all parties to this case this 11th day of February, 2008.

_____\s_____
Gary M. Sidell