UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No.  07-281-01 (RMU) |
| | : | |
| **TIMOTHY STEWART** | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits its memorandum in aid of sentencing. In support of the position taken herein, the United States proffers the following points and authorities, as well as any others that may be cited at the sentencing hearing in this matter.

*Discussion*

*The Defendant's Criminal Conduct*

On June 13, 2007, a confidential informant "CI," working under the direction of MPD Investigator Kevin Copeland, made a recorded telephone call to the defendant, Timothy T. Stewart, to set up a narcotics transaction where the CI would buy from the defendant 31 grams of cocaine base, also known as crack cocaine. The defendant told the CI that he was at DC Superior Court and that he would be available shortly to do the deal. The CI called again and the defendant agreed to meed the CI in an agreed upon area in short order. The CI was then outfitted in a video equipped car, given $1100 in MPD funds and sent to conduct the deal with the defendant. The CI picked up

the defendant in the 4400 block of Ponds Street NE in Washington, DC, and, at the defendant's direction, drove to Minnesota Avenue and Nelson Place SE, Washington DC.  When the CI arrived at Minnesota and Nelson Place, the defendant directed the CI to the 2900 block of Nelson Place SE. The CI handed the money to the defendant, who got out of the CI's vehicle and walked into 2921 Nelson Place SE.  The defendant returned a short time later and exchanged approximately 31 grams of crack cocaine with the CI in exchange for $1100.  The DEA later determined that the substance was in fact crack cocaine, weighing 30 grams.

On June 21, 2007, the CI made another phone call to the defendant to set up a second deal for that day for 31 grams of crack cocaine for $1100.  As on June 13, the defendant told the CI that he was at DC Superior Court reporting to his PSA agent.  The defendant told the CI that "his man"was with him, and that they could meet at Ponds Street at 6:00 pm.  At 6:00 pm, the CI met the defendant in the 4400 block of Ponds Street NE, Washington, DC.  The defendant was with another person.  Based on the defendant's phone conversations with the CI, this second individual was most likely the defendant's supplier.  The defendant got into the CI's vehicle and handed to the CI an amount of crack cocaine in exchange for the money that had provided by MPD.  The DEA later determined the substance given by the defendant to be 29.1 grams of crack cocaine.

On July 25, 2007, the CI placed a phone call to the defendant and set up a buy for that day for "two," that is two 31's of crack cocaine for $2200.  This time, the CI was accompanied by an undercover officer "UC."  The UC and the CI drove to the 4400 block of Ponds Street NE, Washington, DC, where they saw the defendant already there, sitting in the passenger seat of a waiting Chevy Corsica being driven by a black woman.  The defendant told the UC and the CI to follow them, and then drove to the intersection of Minnesota Avenue and Nelson Place SE.  When

all had arrived, the defendant got out of the Corsica, walked to the UC vehicle and got in. The defendant directed the UC to drive into the 2900 block of Nelson Place. As they did this, the defendant called on his cell phone and informed the hearer that he was right around the corner. The UC handed the defendant the $2200. The defendant got out and walked into 2921 Nelson Place. Approximately ten minutes later, the defendant walked out of 2921, returned to the UC vehicle, and from the driver's window, handed 2 zips of crack cocaine to the UC. The defendant then returned to the waiting Corsica and drove off. The substance handed by the defendant to the UC was later determined by the DEA to be 59.6 grams of cocaine base.

  On September 19, 2007, the CI made calls to the defendant to set up a deal for that day with the undercover officer. Unprompted by the CI, the defendant asked the CI what he wanted, and suggested "two times?" that is, two 31's of crack cocaine. The CI gave the defendant the undercover officer's telephone number and the defendant agreed to have direct telephone contact with the UC. The UC called the defendant and they agreed to meet later that day at Hechinger Mall in the 1500 block of Benning Road NE, Washington, DC. The UC arrived at Hechinger Mall and parked in front of th Subway sandwich shop. As the UC pulled into the lot, he saw the defendant sitting in the front passenger seat of a black Mazda with Maryland tags, that was being driven by another black man, and had a third passenger in the rear seat, also a black man.

  Afer the UC parked in front of Subway, the defendant called him and voiced suspicion that he was being followed and asked the UC to meet him not in front of Subway, but rather in front of Modell's sporting goods shop. The UC agreed and moved, parking in front of that store. The defendant then get out of that Mazda, walk to the UC's truck and got in. The defendant sat in the front passenger seat, reached into his front pants pocket and retrieve two bags which he handed to

the UC. In exchange, the UC handed the defendant $2200 in cash in a plastic bag. The defendant got out of the UC's truck and walked into the Radio Shack store. The defendant walked out of the store, and an arrest team attempted to stop him. The defendant ran and threw down the bag of MPD money used to conduct the transaction. The defendant was stopped and the money was recovered. The substance handed by the defendant to the UC was later determined by the DEA to be 61.5 grams of crack cocaine.

*Procedural Background*

On October 18, 2007, the Grand Jury returned a four count indictment against the defendant, charging the defendant with two counts of Unlawful Distribution of 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and two counts of Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).

On November 15, 2007, the defendant pled guilty to Count Four of the indictment, that is, the distribution of the 61.5 grams of cocaine base at Hechinger Mall on September 19, 2007. The defendant accepted responsibility for 180.2 grams of crack cocaine. The defendant's guilty plea was entered in accordance with a written plea agreement with the government. In that plea agreement, the government agreed to recommend a sentence not to exceed the ten year mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(A)(iii).

*The Defendant's Guidelines Range*

The defendant's adjusted offense level for this offense is 32. Due to his acceptance of

responsibility for the offense, and pursuant to his written plea agreement, the defendant is entitled to a three point downward departure, rendering a total offense level of 29. The defendant's criminal history places him in a criminal history category of II. Accordingly, the defendant's guidelines range for the offense calls for a period of incarceration from 97 to 121 months. However, 21 U.S.C. § 841(b)(1)(A)(iii) requires a mandatory minimum sentence of ten years, that is, 120 months.

*Recommendation*

In accordance with the government's obligations pursuant to the plea agreement entered into with the defendant, the government recommends that the Court impose a sentence not to exceed the mandatory minimum sentence required in this case. Accordingly, the government recommends that the Court impose a sentence of 120 month's incarceration, followed by period of supervised release of five years, and a special assessment of $100, to be paid to the Clerk of the United States District Court for the District of Columbia.

**WHEREFORE**, the United States respectfully moves that the Court to impose a sentence of one hundred and twenty months' incarceration followed by five years of supervised release and a special assessment of $100, to be paid to the Clerk of the Court.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY

By:          / S /
        EDWARD A. O'CONNELL
        Assistant United States Attorney
        D.C. Bar No. 460-233
        555 Fourth Street NW
        Room 43814
        Washington, DC  20530
        (202) 514-7505
        (fax) (202) 514-0477